UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN SCHWEITZER AND SANDRA MILLER, individually and on behalf of their minor daughter, SHANNON SCHWEITZER | CIVIL ACTION |
| | NO. 05-2476 |
| VERSUS | |
| ROBERT G. HARVEY, SR. and W. PATRICK KLOTZ | SECTION "N" (5) |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed herein by defendants, Robert G. Harvey, Sr. ("Harvey") and W. Patrick Klotz ("Klotz"). The motion is opposed by plaintiffs, Stephen Schweitzer and Sandra Miller, individually and on behalf of their minor daughter, Shannon Schweitzer. For the reasons stated herein, the Motion to Remand is **DENIED**.

### I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This is a legal malpractice action arising out of the defendants' representation of the Schweitzers in a state court personal injury claim. The underlying litigation arose from a January 1998 incident in which five year old Shannon Schweitzer was injured aboard a moving St. Charles Avenue streetcar. The Schweitzers, then represented by the defendants, settled claims against

1

numerous parties, and proceeded to a jury trial in state court, in which they successfully obtained a judgment against the non-settling defendant. On September 20, 2004, the Schweitzers instituted these proceedings in Civil District Court for the Parish of Orleans, State of Louisiana, Docket No. 2004-13363, against Harvey and Klotz, alleging that they (a) failed to preserve Shannon's right to collect funds in excess of available insurance coverage; (b) failed to render competent and adequate "conflict free" advice; (c) failed to conduct a thorough and diligent investigation into the facts and law relative to the settlement agreements; (d) failed to apprise Shannon of important developments in the litigation affecting her rights; (e) failed to timely appeal from adverse judgments or otherwise attack the validity of those judgments; (f) failed to render competent and adequate legal services in connection with attacking the validity of the August 19, 2003 judgment homologating the settlement agreement with defendants Regional Transit Authority ("RTA"), Transit Management of Southeast Louisiana ("TMSEL"), and Michael Metoyer; (g) failed to disclose material facts to the Court regarding approval of the minority settlement agreement for Shannon; (h) failed to adequately account for the receipt and disbursement of settlement funds received on behalf of Shannon; (i) engaged in prohibited dual representation of Shannon and her parents, knowing that each had separate and distinct competing claims, thereby rendering the advice given to Shannon professionally negligent; and (j) failed to inform Shannon of their errors and omissions, further causing injury, damage and delay in Shannon's receipt of funds to compensate her for her significant injuries.

In the interest of brevity, the Court will not provide a blow-by-blow chronology of the epic litigation which was spawned by the underlying action. Suffice it to say, however, that no fewer than nine lawsuits were filed prior to removal of this action, at least one of which seeks nullification of the Schweitzers' settlement with the RTA, alleged owner and operator of the streetcar.

On or about May 18, 2005, the Schweitzers new counsel, Mr. Brent Burley, placed the estate of Shannon Schweitzer in bankruptcy,[1] given the various and sundry claims made between and amongst, and indeed against, the various players now involved in the process of compensating Shannon for her injury. In connection with the bankruptcy, several state court cases were removed to federal court, and this action was assigned Docket No. 05-2476 upon removal. On July 15, 2005, defendants moved to remand this matter back to state court; however, the undersigned referred this action, among others, to the Bankruptcy Court, for further consideration of its role in the bankruptcy estate.

On April 17, 2006, the Court, on motion of defendant Harvey, withdrew the reference of this matter to Bankruptcy Court, and a trial date of June 11, 2007 was selected. The defendants renewed their Motion to Remand on October 19, 2006. Shortly thereafter, on November 27, 2006, plaintiff moved to extend those deadlines pending approval of a settlement in related litigation which could have some impact on the status of this matter. The Court vacated the previously issued scheduling order, and continued the trial date accordingly.

---

[1] See Docket No. 05-14143 in the United States Bankruptcy Court for the Eastern District of Louisiana.

The Court is now prepared to rule on the Motion to Remand filed by defendants Harvey and Klotz.

## II.  BASIS FOR REMOVAL

"A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]." 28 U.S.C. § 1452(a). "[T]he district courts shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). "[T]he district courts shall have original *but not exclusive jurisdiction* of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b) (emphasis added). The references to "arising under," "arising in," and "related to" operate conjunctively to define the scope of jurisdiction. *Matter of Wood,* 825 F.2d 90, 93 (5th Cir. 1987). "Therefore, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *Id.* In *Matter of Wood,* the Fifth Circuit defined *related* as "whether the outcome of that proceeding could conceivably have any effect on the *estate* being administered in bankruptcy." 825 F.2d at 93 (*emphasis* added), citing *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984); *In re Cemetery Development Corp.,* 59 B.R. 115, 121 (Bankr. M.D. La. 1986).

While 28 U.S.C. § 1452(a) provides for removal of state court proceedings to federal court if bankruptcy jurisdiction is present, 28 U.S.C. § 1452(b) provides the mechanism by which the court to which the action is removed may remand the matter back to the state court. *Landry,* 260 B.R. at 801. "'Equitable,' as the term is used in 28 U.S.C § 1452(b), has been defined as simply

4

'appropriate.'" *Landry,* 260 B.R. at 801, citing *Hernandez v. Brakegate, Ltd.,* 942 F.2d 1223, 1226 (7th Cir. 1991); *See also Matter of United States Brass Corp.,* 110 F.3d 1261, 1265 (7th Cir. 1997); *Things Remembered, Inc. v. Petrarcha,* 516 U.S. 124, 133 (1995)(Ginsberg, J., concurring)("equitable" signals that which is reasonable, fair, or appropriate).  Appropriateness, in turn, is governed by a variety of considerations.  Among these include:

1) the effect or lack thereof on the efficient administration of the estate if the matter is remanded;

2) the extent to which state law issues predominate over bankruptcy issues;

3) the difficulty or unsettled nature of the applicable state law;

4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;

5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7) the substance rather than form of an asserted "core" proceeding;

8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9) the burden upon the court's docket;

10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

5

11) the existence of a right to a jury trial; and

12) the presence in the proceeding of non-debtor parties. *Landry,* 260 F.R. at 801-02, citing *Borne,* 116 B.R. 487 (discussing considerations regarding both remand under 28 U.S.C. § 1452(b) and discretionary abstention under 28 U.S.C. § 1334(c)(1)).

This list is non-exhaustive. *Landry,* 260 B.R. at 802.

As previously indicated, this matter is one of several cases arising out of a serious injury to Shannon Schweitzer, which injury occurred almost ten years ago and which has spawned voluminous litigation in various forums. With that in mind, the Court considers that the first and ninth factors, i.e., the impact on the efficient administration of the estate, greatly operates in favor of maintaining jurisdiction of this matter. Given that the state courts, particularly in Orleans Parish (from which this matter was removed) are now inundated with litigation arising out of Hurricane Katrina, the prompt resolution of this claim can take place quicker and more efficiently in this Court.

Although the second, third and fifth factors militate in favor of remand to state court, in that routine state law issues predominate, and jurisdiction rests with this Court only by virtue of 28 U.S.C. § 1334, the fourth and sixth factors suggest federal jurisdiction is more appropriate, as the most related proceeding to this one is the bankruptcy case itself. This case directly impacts the bankruptcy estate.

As to the seventh factor, the Court notes that any proceeds from this action will be part of the bankruptcy estate, and thus the substance of this case favors federal jurisdiction. The eighth factor is neutral in that there is not a question present involving severance of state law claims from

6

core bankruptcy matters.  As to the issue of forum shopping and the existence of a right to a jury trial, the Court finds no advantage or disadvantage to either party.  A jury trial is available in both venues, undoubtedly within a shorter time frame in federal court.  Lastly, the twelfth factor favors maintaining federal jurisdiction:  the non-debtor parties in this case, Harvey and Klotz, are already involved in the bankruptcy proceedings, in that they have filed a Proof of Claim for legal fees as creditors in the Schweitzer bankruptcy.  Accordingly, they have submitted themselves to bankruptcy court jurisdiction, and the nature of Schweitzer's debt to them could well be impacted by the resolution of this case.

### III.  CONCLUSION

For the foregoing reasons, the Court, in its discretion, **DENIES** the Motion to Remand.  A scheduling conference shall be set and held by telephone in order to place this matter back on the trial docket of this Court, and to establish deadlines in connection therewith.

New Orleans, Louisiana, this  16th  day of July, 2007.

**KURT D. ENGELHARDT**
**United States District Judge**